UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen and their successors as Trustees of the Operating Engineers Local #49 Health and Welfare Fund; Michael Crabtree and his successor(s) as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers; Marvin Hose and Jeff Carlson and their successors as Trustees of the Local #49 I.U.O.E. and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>                 Plaintiffs,<br><br>vs.<br><br>Jerke & Sons Construction Co. and Keith J. Jerke, individually,<br><br>                 Defendants. | Civil File No.: 21-cv-425 (SRN/HB)<br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW, AND ORDER** |

This matter came before the Court for a hearing on Plaintiffs' Motion for a Default Judgment [ECF No. 13] on May 27, 2021, held via videoconference. Nathan T. Boone, Esq., Kutak Rock LLP, appeared on behalf of Plaintiffs. Defendants did not appear. Based upon all the filings in the record and arguments of counsel, the Court makes the following:

# FINDINGS OF FACT

1. Plaintiffs are trustees and fiduciaries of the above-captioned funds (hereinafter "Funds"). The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to Sections 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §§ 186(c)(5), 186(c)(6). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiffs, and any subsequently appointed successors, are fiduciaries of the respective Funds under ERISA § 3(21), 29 U.S.C. § 1002(21).

2. Defendant Jerke and Sons Construction Co. is a South Dakota business corporation with a registered address of 3902 North National Avenue, Sioux Falls, South Dakota, 57104.

3. Defendant Keith J. Jerke is an individual and an officer of Jerke and Sons Construction Co. who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund.

4. Defendants Jerke & Sons Construction Co. and Keith J. Jerke are employers within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendants are employers bound to the South Dakota East River Builders Agreement with the International Union of Operating Engineers, Local No. 49. ("CBA").

6. The CBA requires, among other things, signatory employers to make fringe benefit contributions to the Funds in accordance with the terms of the Funds. These contributions must be made on behalf of all employees covered by the CBA, in

amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

7. The CBA also provides that employers who are delinquent in their payments to any health and welfare, pension or other fringe benefit fund (i.e., to the Funds) will be subject to the collection procedures of the Funds, including the assessment of interest and liquidated damages from the date of delinquency, and costs and attorneys' fees, in accordance with the CBA and the trust agreement which govern the Funds.

8. The collection procedures of the Funds are established by the Trust Agreement of the Operating Engineers Local #49 Health and Welfare Fund ("Trust Agreement").

9. The CBA and Trust Agreement require employers, such as Defendants, to contribute every month, not later than the fifteenth (15th) of the following month, such sums for pension, health and welfare coverage, and apprenticeship benefits, an amount for each hour worked by all employees covered by the CBA. Each payment shall be accompanied by a report form as specified by the Trustees.

10. The CBA and Trust Agreement provide that a delinquent employer will be liable for unpaid contributions, liquidated damages in the amount of 15% of the unpaid contributions, reasonable attorneys' fees, interest in the amount of eight percent (8%) per annum, and other expenses incurred by the Trustees incurred in taking action on the employer's delinquency.

11. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425,

as the administrative agent designated by the Trustees.

12.     Defendants submitted remittance reports to the Funds for the period of August 2020 through December 2020 voluntarily disclosing the hours worked by covered employees during that period.

13.     Pursuant to those remittance reports, Defendants owe the Funds $20,032.94 for fringe benefit contributions as a result of hours worked during the months of August 2020 through December 2020.

14.     Pursuant to those remittance reports, Defendant Keith J. Jerke is personally liable for $11,252.90 of the fringe benefit contributions due and owing to the Health and Welfare Fund for the period of August 2020 through December 2020.

15.     Pursuant to those remittance reports, Defendants owe the Funds $3,004.94 in liquidated damages as provided for in the CBA and the Trust Agreement for the period of August 2020 through December 2020.

16.     Pursuant to those remittance reports, Defendant Keith J. Jerke is personally liable for $1,687.94 in liquidated damages due and owing to the Health and Welfare Fund for the period of August 2020 through December 2020.

17.     To date, Defendants have not submitted the unpaid contributions, liquidated damages, or interest found to be due and owing from the audit period.

18.     The CBA and Trust Agreement provide that Plaintiffs are entitled to their reasonable attorney's fees and costs of this action.

19.     To date, Plaintiffs have incurred $1,250 in attorneys' fees and costs.

20.     The Summons and Complaint [Doc. No. 1] were filed on February 16, 2021. Personal service was accomplished upon Defendants on February 22, 2021.

4

(Aff. of Service on Jerke & Sons [Doc. No. 6]; Aff. of Service on K. Jerke [Doc. No. 7].)

21. Defendants have failed to file and serve a response or answer to the Complaint.

22. The Application for Entry of Default and Declaration of Nathan T. Boone in support of the Application for Entry of Default were filed with the Court on March 19, 2021.

23. The Clerk's Entry of Default was entered on March 25, 2021.

24. On April 7, 2021, Plaintiffs served Defendants via U.S. mail with the Notice of Hearing on the Motion for Entry of Default Judgment, along with their Motion, Memorandum, supporting documents, and Proposed Order. (Certificate of Service [Doc. No. 20] at 1.) On May 24, 2021, Plaintiffs also served Defendants via U.S. mail with the Zoom Meeting Calendar Invitation, along with the log-in information and instructions, for the hearing on the instant motion. (Certificates of Service [Doc. Nos. 21 & 22].) At the hearing on the instant motion, Plaintiffs' counsel stated that Plaintiffs additionally served Defendants with all of the foregoing materials via email, at a valid email address that Plaintiffs had successfully used to communicate with Defendants in the past, on a different matter.

## **CONCLUSIONS OF LAW**

1. Defendants Jerke & Sons Construction Co. and Keith J. Jerke, individually, are in default, and Plaintiffs are entitled to entry of a default judgment.

2. Defendants have breached their obligation under the CBAs by failing to make contributions to the Funds found to be due and owing from the reports submitted

to the Funds for the period of August 2020 through December 2020.

    3.    Defendant Jerke & Sons Construction Co. is liable to Plaintiffs in the amount of $20,032.94 for unpaid contributions and $3,004.94 in liquidated damages due and owing from the reports submitted to the Funds for the period of August 2020 through December 2020, totaling $23,037.88.

    4.    Defendant Keith J. Jerke, individually, is personally liable to Plaintiffs in the amount of $11,252.90 for unpaid contributions and $1,687.94 in liquidated damages due and owing from the reports submitted to the Funds for the period of August 2020 through December 2020, totaling $12,940.84.

    5.    Defendant Jerke & Sons Construction Co. is liable to Plaintiffs in the amount of $68.91 for interest on unpaid contributions due and owing from the reports submitted to the Funds for the period of August 2020 through December 2020.

    6.    Defendants are liable to Plaintiffs in the amount of $1,250.00 for reasonable attorneys' fees and costs to-date. The requested attorneys' fees and costs are reasonable and necessary to prosecute the Funds' claims for the delinquency.

## **ORDER**

IT IS ORDERED:

    1.    That Plaintiffs' Motion for Entry of Default Judgment [ECF No. 13] is granted.

    2.    Defendant Jerke & Sons Construction Co. is liable to Plaintiffs in the amount of $20,032.94 for unpaid contributions and $3,004.94 in liquidated damages due and owing from the reports submitted to the Funds for the period of August 2020 through December 2020, totaling $23,037.88.

3.  Defendant Keith J. Jerke is personally liable to Plaintiffs in the amount of $11,252.90 for unpaid contributions and $1,687.94 in liquidated damages due and owing from the reports submitted to the Funds for the period of August 2020 through December 2020, totaling $12,940.84.

4.  Defendant Jerke & Sons Construction Co. is liable to Plaintiffs in the amount of $68.91 for interest on unpaid contributions due and owing from the reports submitted to the Funds for the period of August 2020 through December 2020.

5.  Plaintiffs are awarded $1,250.00 for reasonable attorney's fees and costs pursuant to ERISA Section 515 and 502, 29 U.S.C. § 1145, 1132(g).

6.  Judgment shall be entered in favor of Plaintiffs against Defendants Jerke and Sons Construction Co. and Keith J. Jerke jointly and severally in the amount of $14,190.84.

7.  Judgment shall be entered in favor of Plaintiffs against Defendant Jerke and Sons Construction Co. solely in the amount of $10,165.95.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 27, 2021

BY THE COURT

s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge